IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AURELIA OCHOA HERNANDEZ | § | |
| | § | |
| V. | § | A-16-CV-1120-LY |
| | § | (A-11-CR-131(2)-LY) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Aurelia Ochoa Hernandez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 733). The undersigned Magistrate Judge submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules.

## I. BACKGROUND

Following a jury trial in which Hernandez was convicted of multiple counts of false statements in firearm records in violation of 18 U.S.C. 924(a)(1)(A), Hernandez was sentenced to 360 months imprisonment followed by three years supervised release on August 25, 2011. Hernandez appealed, and the Fifth Circuit affirmed the conviction on December 5, 2012. Through this Motion to Vacate Hernandez challenges her sentence under *Johnson v. United States*, 135 S. Ct. 2251 (2015).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for filing a § 2255 motion in federal court. 28 U.S.C. § 2255(f). A § 2255 movant generally must file his claim for relief within one year of the date when his

conviction becomes final. *Id.* at § 2255(f)(1). Hernandez appealed her conviction, and the Fifth Circuit affirmed on December 5, 2012. She did not file a writ of certiorari with the Supreme Court, and thus her conviction became final on March 5, 2013. *See Clay v. U.S.*, 537 U.S. 522 (2003) (holding that the a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction). Thus, Hernandez's deadline to file a Section 2255 motion was March 5, 2014, unless one of the other subparts of § 2255(f) applies to Hernandez.

Hernandez relies on the Supreme Court's recent decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), to overcome the one-year limitations period in § 2255(f)(1). By citing *Johnson*, Hernandez appears to be arguing that the one-year limitations period should be calculated from"the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Hernandez's reliance on *Johnson* is misplaced, however.

In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. Hernandez, however, was not sentenced under the ACCA. Instead, she was sentenced under 18 U.S.C. § 924(a)(1)(A). The only provision that *Johnson* found to be unconstitutional was the residual clause of the ACCA which is not at issue in this case. Accordingly, section 2255(f)(3), which applies only if the right is one "newly recognized by the Supreme Court," has no application in this case. *See Galvan v. Untied States*, 2016 WL 3855881 at * 2 (N.D. Tex. July 5, 2016) (holding that *Johnson* did not save § 2255 from being time-barred where petitioner had

not been sentenced under ACCA); *United States v. Chambers,* 2016 WL 3269739 at *2 (S.D. Tex. June 15, 2016) (same). Accordingly, Hernandez's § 2255 Motion is time-barred under 2255(f)(1).

Moreover, even if Hernandez had a valid claim under *Johnson*, her claim would be time-barred. The time in which to file a Motion to Vacate under *Johnson* is one year from the date on which the Supreme Court first recognized the right at issue. *Dodd v. United States*, 545 U.S. 353, 359 (2005) (one-year limitation period runs from the date on which Supreme Court initially recognized the right asserted, regardless of when it is made retroactively applicable). *Johnson* was decided on June 26, 2015, and thus the deadline for making a *Johnson*-based motion under § 2255 was June 26, 2016. Hernandez did not file her motion until August 29, 2016. Therefore, even if Hernandez had a claim to make under *Johnson*, which she does not, that claim would be time-barred.

## III. RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **DISMISS** Aurelia Ochoa Hernandez's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. No. 733).

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal

conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 9th day of November, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE